IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUCY LUTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.: 06-792 |
| v. | ) |
| | ) Trial By Jury Demanded |
| STATE OF DELAWARE, | ) |
| DEPARTMENT OF HEALTH | ) |
| AND SOCIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### THE PARTIES

1. The plaintiff, Lucy Luta (hereinafter referred to as "plaintiff"), was at all times relevant to this complaint a resident of the State of Delaware.

2. The defendant, the State of Delaware, Department of Health and Social Services, (hereinafter referred to as "defendant") is an agency of the State of Delaware.

3. The plaintiff is a female medical doctor, with a degree in medicine, and a Masters in Public Health (MPH), employed by the defendant.

### JURISDICTION

4. This Court had jurisdiction over this matter in that it is brought pursuant to the provisions of 28 U.S.C. §§1331, 1332 and 1343(a)(3)(4), 28 U.S.C. §§ 2201, 2202 as well as the Fourteenth Amendment of the United States Constitution.

5. In addition, this action also arises under Title VII, The Civil Rights Act of 1964, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII, and 42 U.S.C. §1983.

## VENUE

6. The unlawful practices alleged herein were committed within the State of Delaware, accordingly venue lies with this Court under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Prior to the filing of this action the plaintiff timely filed a charge of racial and national discrimination with the Equal Employment Opportunity Commission, on June 26, 2006 (a copy of which is attached hereto as Exhibit No. 1), alleging the discriminatory and harassing conduct which occurred and began in January 2006 and continues, constituting a continuing course of conduct by the defendant.

8. Thereafter, on or about September 29, 2006 the Equal Employment Opportunity Commission signed and issued to the plaintiff a "Notice of Suite Rights" (attached hereto as Exhibit No. 2), which was received by the plaintiff thereafter.

## FACTS

9. The plaintiff graduated medical school from the University of Nairobi in 1988, with ten (10) years of clinical experience, including three (3) years in a Hospital emergency room.

10. In 1999 the plaintiff lawfully immigrated to the United States, and became a naturalized citizen of the United States in 2006.

11. On October 16, 2000, the plaintiff was hired by the defendant as a Public Health Treatment Administrator, in the "AIDS programs, Level 18 pay grade.

12. In October 2005, the plaintiff's employment was transferred to the defendant's Lead Poisoning Prevention Program.

13. In 2004 the plaintiff applied for a position with the defendant as a Public Health Administrator I, level 20 pay grade, in emergency medicine.

14. The plaintiff was not offered a position as a Public Health Administrator, I in emergency medicine in 2004 with the cited reason that she lacked experience in emergency medicine, despite her years practicing and training in emergency medicine.

15. On January 18, 2006, the plaintiff applied for a position as a Public Health Administrator II, position, Level 22 pay grade, in the defendant's Epidemiology Section.

16. At the time the plaintiff applied for the position in the defendant's Epidemiology Section two administrators functioning together to administer that section.

17. The qualifications required for the position of a Public Health Administrator, II, in the defendant's Epidemiology Section required that the person filling that position have a master's degree in public health, which the plaintiff possessed.

18. On March 2, 2006 the plaintiff received notice from the defendant that the Public Health Administrator II, position in the defendant's Epidemiology Section was not going to be filled, and at the same time a white, native born American employee was going to be given the opportunity to continue to act in that position, with that person not having a master's degree in public health.

19. In September 2006, a vacancy for a Public Health Administrator, II, administering the defendant's Epidemiology Section was re-posted/advertised, but with revised qualifications, deleting the requirement for a master's degree in public health.

20. The plaintiff was interviewed for the position as a Public Health Administrator, II, to administer the Epidemiology Section, but was not offered the position.

21. The position of Public Health Administrator, II, administrating the defendant's Epidemiology Section was re-advertised in November 2006, and remains unfilled to this day.

22. The native born American who had previously been allowed to perform the duties as "Acting Director" of the position of Public Health Administrator, II, administrating the Epidemiology Section continues to so act, having been elevated from a 15 pay grade to a 22 pay grade, the pay grade of that position.

23. The manipulation of the promotion process to allow a Caucasian native born American to become the permanent acting Public Health Administrator to the administer the defendant's Epidemiology Section was done in means and methods so as to discriminate against the plaintiff because of her race and/or national origin.

24. On February 22, 2006 the plaintiff applied for a position as Public Health Administrator I, pay grade level 22 to administer the defendant's "AIDS Administration Program".

25. After having applied for the Public Heath Administrator, I, position as an administrator for the defendant's "AIDS Program" the plaintiff was listed as a qualified person, and had advanced her to a second interviewing process.

26. The plaintiff never received a second interview for the Public Health Administrator, I, position administering the defendant's "AIDS Program".

27. The position of Public Health Administrator, I, administering the defendant's "AIDS Program" was offered to a Caucasian male, native born American who had no prior experience with the treatment or administration of providing aid and assistance to individuals suffering from AIDS, and was thus less qualified for the position than the plaintiff.

28. As a direct and proximate result of the discriminatory of the defendant the plaintiff has suffered discrimination by the defendant's actions, which has caused her to lose an opportunity to advance in her professional career.

29. As a further direct and proximate result of the discriminatory actions of the defendant, the plaintiff has suffered a loss of income in the past, present, and will continue such losses in the future unless such discrimination is remedied.

30. As a further direct and proximate result of the discriminatory actions of the defendant, the plaintiff has, is, and will in the future have mental pain, suffering and anguish having suffered from the discriminatory actions of the defendant.

## COUNT I

### Racial Discrimination

31. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 30.

32. The defendant has discriminated against the plaintiff based upon her race, by denying her promotions in her employment in violation of 42 U.S.C. §2000e-2.

## COUNT II

### National Origin

33. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 32.

34. The defendant has discriminated against the plaintiff based upon her national origin, by denying her promotions in her employment in violation of 42 U.S.C. §2000e-2.

## COUNT III

### Racial Discrimination under 42 U.S.C. §1981

35. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 34.

36. The actions by the defendant described herein denied the plaintiff the ability to make an enforced contract in the same manner as enjoyed by Caucasian citizens, for reasons of her race in violation of 42 U.S.C. §1981.

## COUNT IV

### National Origin Discrimination under 42 U.S.C. §1981

37. The defendant incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 36.

38. The actions by the defendant described herein denied the plaintiff the ability to make an enforced contract in the same manner as enjoyed by native born Americans, for reasons of her national origin in violation of 42 U.S.C. §1981.

WHEREFORE, the plaintiff requests this Honorable Court to enter a judgment in her favor and against the defendant as follows:

a. Declare the conduct engaged in by the defendant to be in violation of the plaintiff's statutory rights.

b. Order the promotion of the plaintiff to a level which is commensurate with her time, experience and qualifications, or in lieu thereof granting the plaintiff front pay, to compensate her for her pecuniary losses, which she will suffer as a result of the wrongful conduct of the defendant in the future.

c. Award the plaintiff back pay and compensation for her pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

      d.    Award the plaintiff sufficient funds to compensate her for her losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

      e.    Award the plaintiff compensatory and punitive damages not otherwise specified herein.

      f.    Award the plaintiff any all liquidated damages, which would make the plaintiff "whole".

      g.    Award the plaintiff attorney fees and the cost of this action, pre-judgment and post judgment interest, and, such other further relief as this Court deems just and proper.

                                  ABER, GOLDLUST, BAKER & OVER

                                    /s/ Gary W. Aber
                                GARY W. ABER (DSB #754)
                                702 King Street, Suite 600
                                P.O. Box 1675
                                Wilmington, DE  19899
                                (302) 472-4900
                                Attorney for Plaintiff

DATED:  December 27, 2006

js 44
(REV. 07/89)

06 - 792

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papaers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpsoe of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS<br><br>LUCY LUTA<br><br>b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   New Castle<br>(EXCEPT IN U.S. PLAINTIFF CASES) | DEFENDANTS<br>STATE OF DELAWARE DEPARTMENT OF HEATLH AND SOCIAL SERVICES.<br><br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   New Castle<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Gary W. Aber, Esquire, Aber, Goldlust, Baker & Over, 702 King Street, Suite 600, Wilmington, DE 19801 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question
- ☐ 4 Diversity (Indicated Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | XX 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

42 U.S.C. §1983

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability | **PERSONAL INJURY**<br>☐ 362 Personal Injury– Med Malpractice<br>365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Property Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 422 State Reapportionment<br>☐ 420 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Equipment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>XX442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Dealth Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Right | ☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statues<br>☐ Other Statutory Actions |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P 23    DEMAND $    Check YES only if demanded in complaint:    JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE
December 27, 2006

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __06-792__

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

__12-28-06__  __Lilly Van Dyk__
(Date forms issued)    (Signature of Party or their Representative)

__Lilly Van Dyk__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action