IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUCY LUTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A.No.: 06-792 |
| v. | ) |
| | ) |
| STATE OF DELAWARE, DEPARTMENT | ) |
| OF HEALTH AND SOCIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT

1. The averments of this paragraph are unknown to the Defendant and are therefore, denied.

2. Admitted.

3. The averments of this paragraph are unknown to the Defendant and are therefore, denied.

4. The averments of this paragraph are not directed to the Defendant and therefore no response is required.

5. Denied.

6. Denied.

7. Admitted that such an action was filed by the Plaintiff. Denied that the filing of such action was timely, denied that any harassing conduct occurred, continues, or constitutes a continuing course of conduct by the Defendant.

8. Denied.

9. The averments of this paragraph are unknown to the Defendant and are therefore, denied.

10. The averments of this paragraph are unknown to the Defendant and are therefore, denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31.  The defendant incorporates herein and makes part hereof the responses to allegations contained in paragraphs one through thirty.

32.  Denied.

33.  The defendant incorporates herein and makes part hereof the responses to allegations contained in paragraphs one through thirty-two.

34.  Denied.

35.  The defendant incorporates herein and makes part hereof the responses to allegations contained in paragraphs one through thirty-four.

36.  Denied.

37.  The defendant incorporates herein and makes part hereof the responses to allegations contained in paragraphs one through thirty-six.

38.  Denied.

## AFFIRMATIVE DEFENSES

39.  The exclusivity provision of 19 Del.C. §2304 precludes suit against an employer by an employee alleging personal injury arising out of employment.

40.  The Defendant is entitled to Qualified Immunity.

41.  The defendants are immune from liability to the Plaintiff under the doctrine of State Sovereign Immunity.

42.  Plaintiff fails to state a claim on which relief may be granted.

43.  Certain of Plaintiff's injuries existed prior to the date of the alleged wrongful conduct by defendants.

44.  Plaintiff's injuries, if any, resulted from an intervening and superseding cause.

45.  Plaintiff has failed to mitigate her alleged injuries.

46. The complaint should be dismissed, in whole or in part, for Plaintiff's failure to exhaust administrative remedies.

47. The Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the answering defendants.

48. The claims are barred by the appropriate statute of limitation or repose.

Defendants reserve the right to assert additional affirmative defenses should such defenses becomes apparent during or after discovery.

WHEREFORE, defendants request judgment in their favor for all that is just and proper, including dismissing the complaint with Plaintiff to pay the costs.

    /s/ Patricia D. Murphy
Patricia D. Murphy
Deputy Attorney General
102 Water Street
Dover, DE  19904

Dated:  February 8, 2007